## AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT

I, David A. Rosser, being duly sworn, depose and say under penalty of perjury as follows:

1. I am a Special Agent with the United States Secret Service (USSS) assigned to the Charlotte Field Office. I have been employed by USSS since January of 1997 and have been assigned to the Charlotte Field Office since March of 2006. As a Special Agent, I have been involved with numerous criminal investigations to include credit card fraud, bank fraud, access device fraud, identity theft, wire fraud, money laundering, and various other crimes.

2. This Affidavit sets forth information sufficient to support probable cause for the requested Seizure Warrant for all funds in ERIC A. PERRY's Bank of America Checking Account XXXXX5933 and Savings Account XXXXX5962 (collectively, "the Funds"). As set forth more fully herein, the Funds constitute proceeds of interstate transportation of stolen property.

3. Since this Affidavit is only submitted for the purpose of supporting the requested Seizure Warrant, this Affidavit does not set forth all of my knowledge about this matter. The information in this Affidavit has been gathered by agents of USSS and Officers and Detectives of the Charlotte-Mecklenburg Police Department (CMPD).

4. On March 31, 2015, the USSS, Charlotte Field Office received a call for assistance from CMPD. CMPD Detective (Det.) Moon advised that CMPD had responded to Garda, an armored car/cash transportation company, due to a reported employee theft. Garda manages deposits and large cash transactions for and between banks such as Bank of America and Huntington Bank. Garda

employees advised CMPD that another armored car company, Brinks, called Garda to advise that $155,000.00 was missing from a deposit which was made by Brinks on February 25, 2015 at Garda located at 4300-A, Northlake Court, Charlotte, North Carolina ("the Northlake Garda Location").

5. On April 1, 2015, a supervisory employee of the Northlake Garda Location told your Affiant that a Garda employee, ERIC A. PERRY, stole a bag of money from Brinks. The supervisory employee stated that, on or about March 30, 2015, a Garda employee had received a call from Brinks asking the employee to research a missing bag of money containing $155,000.00 from a deposit Brinks had made on behalf of Huntington Bank to Garda on February 25, 2015.

6. The supervisory employee advised that she could not ascertain the location of the missing money from financial records so she reviewed video surveillance tape of the Northlake Garda Location from February 25, 2015. The supervisory employee went on to say that the video shows a Brinks truck was at the Northlake Garda Location making a deposit on behalf of Huntington Bank on February 25, 2015. Due to a "piece miscount"—a circumstance wherein the number of "pieces" in the deposit does not match the expected number of "pieces" in Garda paperwork—the delivery/deposit by Brinks was rejected by Garda. At this point, a Brinks employee had to reload the Brinks truck using a two shelf cart to transport the "pieces"—in this case, bags of cash—back to the truck. After loading the truck, the Brinks employee shoved the cart he was using towards the middle of the room/bay at the Northlake Garda Location.

7. The supervisory employee continued on to advise your Affiant that the video surveillance she reviewed from February 25, 2015 shows that the Brinks employee left one bag of cash on the bottom shelf of the cart he pushed towards the middle of the room/bay and he departed without noticing his error. During this time, a Garda truck was parked next to the Brinks truck. Shortly after the Brinks truck departed, Garda employee PERRY, who is assigned to the back of the Garda truck where the money is transported, emerged from the Garda truck, walked by the cart that the Brinks driver had shoved to the middle of the room/bay and noticed the bag of money on the bottom shelf. PERRY thereafter picked up the bag of money and placed it on the top shelf of a cart that he was transporting, obtained and placed empty United States Postal Service containers over the bag, and moved to the back of the Garda truck and attempted to conceal what he is doing with the back door of the armored truck. Moments later, PERRY pushed the cart with the USPS containers back to the corner of the room/bay. At that point, according to the supervisory employee, the bag of money was missing from the cart. Thereafter, the Garda truck departed with PERRY inside.

8. CMPD Det. DiDonato also viewed the video surveillance tape of PERRY's actions on February 25, 2015 and confirmed the theft of the bag. Additionally, on April 2, 2015, your Affiant reviewed the video and confirmed the theft of the bag.

9. The supervisory employee advised your Affiant that only two people work the shift at the time these events occurred and that it is clear to the employee that it is

PERRY who stole the bag of money because the physical characteristics of PERRY and the other employee are significantly different.

10. CMPD Det. DiDonato advised your Affiant that, on March 31, 2015, he contacted PERRY while PERRY was at the Northlake Garda Location and asked him to voluntarily come to CMPD's North Division office for an interview. PERRY was not under arrest at this time. Det. DiDonato stated that PERRY initially denied any knowledge of the missing cash. However, when Det. DiDonato asked PERRY if CMPD could search PERRY's residence, PERRY admitted to stealing the missing cash. Det. DiDonato read PERRY his Miranda Warning and then PERRY provided details of what he had done.

11. PERRY confessed to Det. DiDonato that he had taken the bag of cash that the Brinks employee had left on the bottom shelf of a cart, and used United States Postal Service containers to try and conceal the bag. PERRY said that he had left the bag of cash in the Garda truck overnight and removed it the next day in his backpack and transported it to his residence in Rock Hill, South Carolina. PERRY went on to state that he waited a couple of weeks and then began making deposits between $1,000.00 and $4,000.00 into his Bank of America (BOA) Checking Account XXXXX5933 and Savings Account XXXXX5962 at the BOA branch in Rock Hill, South Carolina. PERRY estimated that he deposited $80,000.00 of the $155,000.00 of stolen money into his bank accounts. PERRY was asked if he could show the balance of these accounts to CMPD Detectives. PERRY accessed his BOA accounts on his smart phone which showed balances of slightly over $61,000.00 in his checking account and $20,000.00 in his savings

account. PERRY further stated there was a black suitcase in his apartment in Rock Hill, South Carolina that contained the rest of the money. PERRY stated that he did this alone.

12. CMPD Detectives obtained written consent to search PERRY's residence. Additionally, they contacted PERRY's wife. Unbeknownst to CMPD, PERRY had been texting his wife about these events. When contacted by CMPD, PERRY's wife advised that she had the black suitcase in her possession in her vehicle and that she was in the vicinity of Route #77 and Tyvola Road in Charlotte, North Carolina. CMPD asked her to pull over and wait for their arrival. CMPD met PERRY's wife at the Chili's restaurant, 5521 Westpark Drive, Charlotte, North Carolina. Upon CMPD's arrival, PERRY's wife opened the back of her truck and handed the Detectives a black suitcase containing a large amount of cash. A subsequent inventory of this cash by CMPD totaled $47,784.03.[1] This discovery was consistent with PERRY's confession about an amount of cash in a black suitcase at his house.

13. Continuing on March 31, 2015, your Affiant contacted the Fraud Investigations Group of Bank of America (BOA). Your Affiant provided BOA with PERRY's name, identifiers and account numbers. BOA confirmed that ERIC A. PERRY is the owner of the two aforementioned bank accounts and that the balances on these accounts were approximately $61,000.00 and $20,000.00 respectively. The account balances and information provided by BOA to your Affiant are consistent with the information provided by PERRY to CMPD.

---

[1] Since the $47,784.03 is currently in possession of CMPD, your Affiant is not requesting seizure of it at this time.

14. Based on the aforementioned information, your Affiant submits that there is probable to believe that the Funds constitute or are derived from interstate transportation of stolen property in violation of 18 U.S.C. § 2314 and that, based on your Affiant's training and experience, since funds are easily moveable, a restraining order would not be sufficient to secure the availability of the Funds for forfeiture. Therefore, the Funds are subject to seizure for civil forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 981(b), and seizure for criminal forfeiture under 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(f).

David A. Rosser,
Special Agent
United States Secret Service

Sworn and subscribed before me this 2nd day of April, 2015 in Charlotte, North Carolina.

David C. Keesler
United States Magistrate Judge